BENJAMIN WHEELER, JR. *vs.* PHILIP F. DASCOMB.

The following clause in a lease for years: "Said lessee doth agree to deliver up said premises, and all the buildings and repairs put on the said premises by him, on three months' notice, by said lessor paying him $250," is not a condition or limitation, but a covenant.

THIS was a proceeding originally brought in the justices' court for the county of Suffolk, to recover possession of a parcel of land, with the buildings thereon, let by the plaintiff to the defendant, by an indenture of lease, bearing date the 30th of March, 1844, under the hands and seals of the parties, and expressed in the following terms : —

"A certain parcel of buildings situated on said Point Shirley, numbering three, and containing bar-room, bowling alleys, stable, dancing hall, and drawing-rooms, and all appertaining thereto. Also a wharf on said premises. Said lessee doth agree to build a good, substantial building, two stories high, with rooms finished in the second story, and to do all other repairs, and keep said buildings, wharf and alleys in good repair, with the exception of damage

done by the sea. Said lessor agrees to allow said lessee $150 for said buildings and repairs, to be taken out of the rent in equal payments, in the first three years. Said lessee doth agree to deliver up said premises, and all the buildings and repairs put on said premises by him in three months' notice, by said lessor paying him $250. Said lessor doth agree to deliver up to said lessee the lease, by giving three months' notice and $250; to hold for the term of ten years from the 1st day of April next, yielding and paying therefor the rent of $200, and the said lessee doth promise to pay the said rent in equal quarterly payments, and to quit," &c.

The writ was dated May 18th, 1847, and the complaint therein was as follows : " For that the defendant is in possession of the messuage situate at Point Shirley, so called, in Chelsea, aforesaid, being the same premises leased to said defendant on the thirteenth day of March, eighteen hundred and forty-four, and expired on the sixteenth day of May, eighteen hundred and forty-seven, by the terms thereof, and now holds unlawfully and against the right of the plaintiff, as it is said."

At the trial, before *Mellen*, J., in the court of common pleas, it appeared in evidence, that the defendant had entered and held possession of the premises, under the lease, from the day of its date to the day of the trial; and had paid rent therefor to the plaintiff according to the terms of the lease ; the last payment having been made to and receipted for by the plaintiff, April 1st, 1847, for the quarter ending that day ; since which time, the defendant had tendered the rent from quarter to quarter, as the same had fallen due.

The defendant had also fulfilled his agreement in the lease respecting building and repairs. It was also proved, that the plaintiff on the 16th of February, 1847, in the evening, after dark, gave the defendant a notice to deliver up the premises in three months, according to the terms of the lease, and at the same time, offered him two hundred and fifty dollars, which the defendant declined to receive, but did not make any special objection to the time of the tender or otherwise.

It was also proved, that on the 16th of March, 1847, the plaintiff executed and delivered to one Read Taft a lease of the same premises for the term of five years, to commence on the 16th of May, 1847. On that day, one Augustus Taft,

was sent by Read Taft, and accordingly went with the last mentioned lease upon the premises, to see whether the premises were vacated, and found the defendant Dascomb in possession. The writ in this case was served on the 19th of May, 1847.

Upon this evidence the defendant contended, and requested the judge to rule, that the plaintiff could not maintain his action : 1. Because the lease from the plaintiff to the defendant had not, at the time of the commencement of this proceeding, been determined by its own limitation, and the present case does not come. within the terms of the Rev. Sts. c. 104; 2. Because, at the time of the commencement of this proceeding, the plaintiff was not entitled to the possession of the premises, he having, prior to that time, parted with his right to the possession to Read Taft, by the lease to him and his proceedings thereon ; 3. Because the alleged tender was made after dark.

The court ruled against the defendant on all these points, and, a formal verdict being rendered for the plaintiff, the defendant alleged exceptions.

*B. F. Brooks*, for the defendant.

*G. Sparhawk*, for the plaintiff.

WILDE, J. This was a suit originally commenced in the justices' court for this county, to recover possession of a messuage, which was leased by the plaintiff to the defendant, on the ground, that the lease had been determined by its own limitation before the commencement of the action ; and if the lease had been so determined, the action was rightly commenced in the justices' court, according to the Rev. Sts. c 104, §§ 2, 3, 4.

The premises were demised for the term of ten years from the 1st day of April, 1844. But the lessee agrees by the indenture to deliver up the premises, and all the buildings and repairs put thereon by him, on three months' notice by the lessor, paying him the sum of $250.

It was proved at the trial, that the plaintiff did give the

notice required to the defendant, and offered to pay him the sum of $250, which the defendant declined to receive.

It is contended for the plaintiff, that, by this notice and offer, the lease was determined by its own limitation, at the end of three months from the notice and offer ; but the defendant contends, that the clause cannot be so construed, it being, by the terms of it, a mere covenant, for the breach of which he is responsible in damages.

Some remarks were made by the defendant's counsel, as to the question, whether this clause in the lease might be construed as a condition. But the plaintiff's counsel does not rely on such a construction ; and it is very clear it would not avail him, if it could be so construed ; for there is no right of entry reserved for the breach of such a condition ; and if there were, the lease would not be determined before the lessor's entry for the breach. The question, therefore, is, whether the clause in question is a covenant, or a limitation of the lessee's estate. And this depends on the language of that clause. The apt words of limitation are *while, as long as, until, during*, &c. ; as, when land is granted to a man *so long* as he is parson of Dale, or *while* he continues unmarried, or *until*, out of the rents and profits, he shall have made £500, and the like ; or if it is declared in the lease, that the same shall expire on the happening of any contingency. In such cases, whenever the contingency happens, the lease *is* determined by its own limitation, without any entry or other act to be done by the lessor. 2 Bl. Com. 155 ; 4 Kent, 132 ; *Fifty Associates* v. *Howland*, 11 Met. 99, 102.

But there is no such language in this lease ; and we think it very clear, that the clause relied on by the plaintiff, as words of limitation, are mere words of covenant. They are so in express terms ; and if the meaning were doubtful, they should rather be construed as a covenant, than as a limitation or a condition. Chancellor Kent, in his Commentaries, says. " If it be doubtful whether a clause in a deed be a covenant or a condition, the courts will incline against the latter

construction ; for a covenant is far preferable to [for] the tenant ; and equity will not enforce a covenant embracing a hard bargain ; and at law, there can be no damages without an injury." 4 Kent, 131.

These remarks would apply with great force to the present case, if the construction of the lease were doubtful ; for a harder case on the part of the defendant can hardly be imagined, if the clause in question could be construed as a conditional limitation.

The defendant was bound to build a good and substantial building, two stories high, with rooms finished in the second story ; and if the said clause were to be construed as a limitation of the defendant's estate, he would be bound to deliver up the premises in three months after the building was completed, and a notice and offer to pay $250.

But there is no doubt of the construction of the clause in question. It is a covenant in express terms, and cannot be otherwise construed.

The case of *Wilson* v. *Phillips*, 2 Bing. 13, cited by the defendant's counsel, is precisely similar to this case. There was an agreement by the lessee in that case, that if the lessor should want any part of the demised premises, then he, the lessee, would give up such part to the lessor, by his making a proportional abatement of the rent, &c. It was held, that this was a covenant, and not a condition ; for something was to be done on both sides — the lessee to give up on request, and the lessor to make an abatement of the rent.

But we think, whether something was to be done on both sides or not, the clause in the lease in that case, which was similar to the clause in this, on which the plaintiff relies, could not be otherwise construed than as a covenant.

We are therefore of opinion, that the lease in this case has not been determined ; and that if there has been a breach of the defendant's covenant, the plaintiff's only remedy is by an action of covenant broken:

*Exceptions sustained.*